IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ACCUHALE LLC | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. _____ |
| ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA DUNKERQUE PRODUCTIONS SCS, ASTRAZENECA AB, ASTRAZENECA PLC | **JURY TRIAL DEMANDED** |
| Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff ACCUHALE LLC ("Plaintiff") files this Original Complaint against Defendants ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA DUNKERQUE PRODUCTION SCS, ASTRAZENECA AB, and ASTRAZENECA PLC (collectively "Defendants") alleging as follows:

### I. THE PARTIES

1. Plaintiff is a Texas limited liability company with its principal place of business at 6136 Frisco Square Blvd., Suite 385, Frisco, Texas 75304.

2. Upon information and belief, Defendant ASTRAZENECA LP is a Delaware limited partnership with a principal place of business at 1800 Concord Pike, Wilmington, Delaware 19850-5437. ASTRAZENECA LP may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

3. Upon information and belief, Defendant ASTRAZENECA PHARMACEUTICALS LP is a Delaware limited partnership with a principal place of business at 1800 Concord Pike, Wilmington, Delaware 19850-5437. ASTRAZENECA PHARMACEUTICALS LP may be served

with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

4. Upon information and belief, Defendant ASTRAZENECA DUNKERQUE PRODUCTS SCS is a company organized and existing under the laws of France, with a principal place of business in Dunkerque, France. Upon information and belief, ASTRAZENECA DUNKERQUE PRODUCTS SCS engages in business in the State of Texas, but upon information and belief, does not maintain a regular place of business in the State or a designated agent for service of process.  Therefore, pursuant to § 17.044 of the Tex. Civ. Prac. & Rem. Code, ASTRAZENECA DUNKERQUE PRODUCTS SCS has designated the Secretary of State as its agent for service of process and may be served with process through its counsel or by serving the Secretary of State. The Secretary of State may forward service to ASTRAZENECA DUNKERQUE PRODUCTS SCS at its home office address located at 224 Avenue De La Dordogne Pb 41, 59640 Dunkerque Cedex 2, France.

5. Upon information and belief, Defendant ASTRAZENECA AB is a company organized and existing under the laws of Sweden, with a principal place of business in Södertälje, Sweden. Upon information and belief, ASTRAZENECA AB engages in business in the State of Texas, but upon information and belief, does not maintain a regular place of business in the State or a designated agent for service of process. Therefore, pursuant to § 17.044 of the Tex. Civ. Prac. & Rem. Code, ASTRAZENECA AB has designated the Secretary of State as its agent for service of process and may be served with process through its counsel or by serving the Secretary of State. The Secretary of State may forward service to ASTRAZENECA AB at its home office address located at Västra Mälarehamnen 9, Södertälje, SE-151 85, Sweden.

6. Upon information and belief, Defendant ASTRAZENECA PLC is a company organized and existing under the laws of United Kingdom, with a principal place of business in London, United Kingdom. Upon information and belief, ASTRAZENECA PLC engages in business in the State of Texas, but upon information and belief, does not maintain a regular place of business in the State or a designated agent for service of process. Therefore, pursuant to § 17.044 of the Tex. Civ. Prac. & Rem. Code, ASTRAZENECA PLC has designated the Secretary of State as its agent for service of process and may be served with process through its counsel or by serving the Secretary of State. The Secretary of State may forward service to ASTRAZENECA PLC at its home office address located at 2 Kingdom Street, London, W2 6BD United Kingdom.

## II. JURISDICTION AND VENUE

7. This is an action for infringement of a United States patent. Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331 and 1338(a).

8. Plaintiff maintains their principal place of business in Frisco, Texas, which is located within the Eastern District of Texas.

9. Upon information and belief, Defendants have had minimum contacts with the Tyler Division of the Eastern District of Texas such that this venue is fair and reasonable. Defendants have committed such purposeful acts and/or transactions in Texas that they reasonably should know and expect that they could be haled into this Court as a consequence of such activity. Upon information and belief, Defendants have transacted and, at the time of the filing of this Complaint, are transacting business within the Tyler Division of the Eastern District of Texas.

10. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III. PATENT INFRINGEMENT

11. On February 17, 1998, United States Patent No. 5,718,355 ("the '355 patent") was duly and legally issued for an "Indicator Device Responsive to Axial Force for use with Inhaler." A true and correct copy of the '355 patent is attached hereto as Exhibit "A" and made a part hereof.

12. By way of assignment, Plaintiff is the owner of all right, title and interest in and to the '355 patent, with all rights to enforce the '355 patent against infringers and to collect damages for all relevant times, including the right to prosecute this action.

13. Upon information and belief, and without authority, consent, right, or license, and in direct infringement of the '355 patent, Defendants manufacture, make, have made, use, market, sell and/or import products that infringe one or more claims in the '355 patent. Such conduct constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

14. ASTRAZENECA LP has directly infringed at least claim 1 of the '355 patent and continues to infringe the '355 patent by its manufacture, use, sale, importation, and/or offer for sale of SYMBICORT®, including but not limited to the SYMBICORT® pressurized metered dose inhaler (pMDI).

15. ASTRAZENECA PHARMACEUTICALS LP has directly infringed at least claim 1 of the '355 patent and continues to infringe the '355 patent by its manufacture, use, sale, importation, and/or offer for sale of SYMBICORT®, including but not limited to the SYMBICORT® pMDI.

16. ASTRAZENECA DUNKERQUE PRODUCTS SCS has directly infringed at least claim 1 of the '355 patent and continues to infringe the '355 patent by its manufacture, use, sale, importation, and/or offer for sale of SYMBICORT®, including but not limited to the SYMBICORT® pMDI.

17.     ASTRAZENECA AB has directly infringed at least claim 1 of the '355 patent and continues to infringe the '355 patent by its manufacture, use, sale, importation, and/or offer for sale of SYMBICORT®, including but not limited to the SYMBICORT® pMDI.

18.     ASTRAZENECA PLC has directly infringed at least claim 1 of the '355 patent and continues to infringe the '355 patent by its manufacture, use, sale, importation, and/or offer for sale of SYMBICORT®, including but not limited to the SYMBICORT® pMDI.

19.     Further, upon information and belief, Defendants induce and/or contribute to the infringement of one or more of the claims of the Patent-in-Suit by others.

20.     Defendants ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA DUNKERQUE PRODUCTS SCS, ASTRAZENECA AB and ASTRAZENECA PLC have induced retail pharmacies, such as CVS Caremark Corporation and Walgreens Company, and retail pharmaceutical customers of such pharmacies without authority, consent, right, or license of the '355 patent, to sell, offer for sale and/or use products directly infringing one or more claims of the '355 patent.  More specifically, such retail pharmacies and retail pharmaceutical customers thereof directly infringe at least claim 1 of the '355 patent by selling or offering to sell, or using SYMBICORT®, including but not limited to the SYMBICORT® pMDI.  Such conduct constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(b)

21.     Defendants ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA DUNKERQUE PRODUCTS SCS, ASTRAZENECA AB and ASTRAZZENECA PLC had knowledge of, or were willfully blind to, the existence of the '355 patent at least as early as April 24, 2009, if not earlier, when ASTRAZENECA PHARMACEUTICALS LP was notified of its infringing conduct by West Pharmaceutical Services, Inc., a predecessor-in-interest of the '355 patent.

22. Defendants ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA DUNKERQUE PRODUCTS SCS, ASTRAZENECA AB and ASTRAZENECA PLC possessed specific intent to induce infringement by providing, at a minimum, a Prescribing Information and Medication Guide, which provides instructions on how to use the SYMBICORT® pMDI in a manner that would infringe the '355 patent.

23. Defendants ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA DUNKERQUE PRODUCTS SCS, ASTRAZENECA AB and ASTRAZENECA PLC have actively induced retail pharmacies, such as CVS Caremark Corporation and Walgreens Company, and retail pharmaceutical customers of such pharmacies to infringe the '355 patent by advertising an infringing use of the SYMBICORT® pMDI and by providing instruction in the Prescribing Information and Medication Guide on how to engage in an infringing use.

24. Defendants ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA DUNKERQUE PRODUCTS SCS, ASTRAZENECA AB and ASTRAZENECA PLC have contributed to infringement by retail pharmacies, such as CVS Caremark Corporation and Walgreens Company, and retail pharmaceutical customers of such pharmacies without authority, consent, right or license of the '355 patent, which sell, offer for sale and/or use products directly infringing one or more claims of the '355 patent.  More specifically, retail pharmacies and retail pharmaceutical customers thereof directly infringe at least claim 1 of the '355 patent by selling, offering to sell, or using SYMBICORT®, including but not limited to the SYMBICORT® pMDI. Such conduct constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(c)

25. Retail pharmacies, such as CVS Caremark Corporation and Walgreens Company, sell the SYMBICORT® pMDI in the United States as a package including a pressurized aluminum aerosol inhalation canister containing the SYMBICORT® medication, a dose counting device, a

plastic actuator body with a mouthpiece, and a dust cap which are supplied by Defendants ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA DUNKERQUE PRODUCTS SCS, ASTRAZENECA AB and ASTRAZZENECA PLC. The components of the package come preassembled or alternatively are assembled by pharmacists at retail pharmacies and/or customers of the retail pharmacies for use by such customers.

26. Defendants ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA DUNKERQUE PRODUCTS SCS, ASTRAZENECA AB and ASTRAZZENECA PLC had knowledge of, or were willfully blind to, the existence of the '355 patent at least as early as April 24, 2009, if not earlier, when ASTRAZENECA PHARMACEUTICALS LP was notified of its infringing conduct by West Pharmaceutical Services, Inc., a predecessor-in-interest of the '355 patent.

27. Upon information and belief, SYMBICORT® pMDI has no substantial non-infringing uses. In fact, Defendants ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA DUNKERQUE PRODUCTS SCS, ASTRAZENECA AB and ASTRAZENECA PLC state in their Medication Guide which has been approved by the U.S. Food and Drug Administration only one method for using the SYMBICORT® pMDI and that the SYMBICORT® canister is to only be used with the SYMBICORT® inhaler supplied with the product.

28. Plaintiff reserves the right to assert additional claims of the '355 patent.

29. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

30. Upon information and belief, Defendants will continue their infringement of the '355 patent unless enjoined by the Court. Defendants' infringing conduct has caused Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV. JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 5,718,355 have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b. Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

c. That Defendants' infringement be found to be willful from the time Defendants became aware of the infringing nature of its services, which is the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

d. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

g. That Defendants be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 5,718,355;

h. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:   December 29, 2011.**　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ Jonathan T. Suder
　　　　　　　　　　　　　　　　　　　　　　　State Bar No. 19463350
　　　　　　　　　　　　　　　　　　　　　　　Brett Pinkus
　　　　　　　　　　　　　　　　　　　　　　　State Bar No. 24076625
　　　　　　　　　　　　　　　　　　　　　　　Todd I. Blumenfeld
　　　　　　　　　　　　　　　　　　　　　　　State Bar No. 24067518
　　　　　　　　　　　　　　　　　　　　　　　FRIEDMAN, SUDER & COOKE
　　　　　　　　　　　　　　　　　　　　　　　Tindall Square Warehouse No. 1
　　　　　　　　　　　　　　　　　　　　　　　604 East 4th Street, Suite 200
　　　　　　　　　　　　　　　　　　　　　　　Fort Worth, Texas 76102
　　　　　　　　　　　　　　　　　　　　　　　(817) 334-0400
　　　　　　　　　　　　　　　　　　　　　　　Fax (817) 334-0401
　　　　　　　　　　　　　　　　　　　　　　　jts@fsclaw.com
　　　　　　　　　　　　　　　　　　　　　　　pinkus@fsclaw.com
　　　　　　　　　　　　　　　　　　　　　　　blumenfeld@fsclaw.com

　　　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF**